UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | 2:21-cv-07730-JFW-SHK | Date: | February 22, 2022 |
|---|---|---|---|
| Title: | *Angel Sanchez v. Warden Teresa Cisneros* | | |

| Present: | The Honorable Shashi H. Kewalramani, United States Magistrate Judge |
|---|---|

| D. Castellanos | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order to Show Cause Why This Action Should Not be Dismissed For Being A Mixed Petition

## I.   INTRODUCTION

On December 19, 2021, Petitioner constructively filed[1] a First Amended Petition for Writ of Habeas Corpus by a Person in State Custody ("FAP"), under 28 U.S.C. § 2254 ("§ 2254"), challenging his 2019 conviction for kidnapping to commit rape, oral copulation, or sodomy; assault with intent to commit rape, oral copulation, or sodomy; carrying a dirk or dagger; resisting arrest; and dissuading a witness. Electronic Case Filing Number ("ECF No.") 16, FAP at 2. The FAP raises five claims, and Petitioner attaches copies of his state court filings in the California Court of Appeal and California Supreme Court. ECF No. 16, FAP at 5-6 & Attachments 1-3.

District courts have a pre-service duty to screen and summarily dismiss habeas petitions that plainly show the petitioner is not entitled to habeas relief due to procedural or other defects. See Habeas Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foil. § 2254; Mayle v. Felix, 545 U.S. 644, 654 (2005) (holding that Habeas Rule 4 requires district court to summarily dismiss a § 2254 petition without ordering a responsive pleading if it plainly appears from the petition and any attached exhibits the petitioner is not entitled to relief).

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

Upon review of the claims raised in FAP and the petition for review to the California Supreme Court that Petitioner attached to the FAP, it appears that Petitioner has filed a "mixed" petition, containing both exhausted and unexhausted claims. Therefore, the Court ORDERS Petitioner to SHOW CAUSE why the FAP should not be dismissed due to Petitioner's failure to exhaust his state court remedies as to Grounds One, Three, and Five in the FAP. The Court directs Petitioner to review the information that follows, which provides additional explanation as to why the FAP appears to be subject to dismissal and may assist Petitioner in determining how to respond.

## II.  BACKGROUND

Petitioner challenges his 2019 conviction for kidnapping to commit rape, oral copulation, or sodomy; assault with intent to commit rape, oral copulation, or sodomy; carrying a dirk or dagger; resisting arrest; and dissuading a witness. ECF No. 16, FAP at 2. According to the FAP, Petitioner was sentenced under California's Three Strikes law to 75 years to life in prison. Id.

In 2020, Petitioner filed, what appears to be, a timely, direct appeal in which he raised three grounds for relief. ECF No. 16, FAP, Attachment 2. Following an affirmance by the California Court of Appeal, Petitioner filed a petition for review in the California Supreme Court. Id., Attachment 1. In that petition for review, Petitioner raised two grounds: (1) The trial court's instructions on prior acts in CALCRIM Nos. 375 and 1191A violated due process; and (2) Trial counsel was constitutionally ineffective for failing to object to the imposition of fines without a hearing on Petitioner's ability to pay.

In his FAP, Petitioner raises five grounds for relief: (1) The trial court abused its discretion in admitting testimony under Cal. Evid. Code §§ 1101 and 1108; (2) The trial court's prior acts instruction violated due process; (3) The imposition of a $5,000 restitution/parole revocation fine violated due process; (4) The trial court's instructions on prior acts in CALCRIM Nos. 375 and 1191A violated due process; and (5) Trial counsel was ineffective for failing to challenge the jury instruction in CALCRIM No. 375. ECF No. 16, FAP at 5-6. Thus, it appears that Grounds One, Three, and Five in the current FAP were not raised in the California Supreme Court on direct appeal.[2]

Additionally, Petitioner indicates he did not file any habeas petitions in state court with respect to this conviction. ECF No. 16, FAP at 3. Further, a search of the California appellate case website, last accessed on February 22, 2022, at https://appellatecases.courtinfo.ca.gov, and using Petitioner's name, did not show that a state habeas matter was presented to the California Supreme Court. Consequently, it appears that Grounds One, Three, and Five of the FAP have not been presented to the California Supreme Court, either through a direct appeal or on habeas.

---

[2] The Court has assumed that Grounds Two and Four of the FAP raise the same due process claim regarding jury instructional error, which matches the claim raised in his petition for review in the California Supreme Court.

### III. THE PETITION IS MIXED AND SUBJECT TO DISMISSAL

State prisoners must exhaust their state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, habeas petitioners must fairly present their federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of prisoners' federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam).

To properly exhaust habeas claims, petitioners in California state custody must "fairly present" their claims to the California Supreme Court. Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California); see also Libberton v. Ryan, 583 F.3d 1147, 1164 (9th Cir. 2009) ("A federal court may not grant habeas relief to a state prisoner unless the prisoner has first exhausted each claim to the highest state court.") (citations and internal quotations omitted). A claim has been fairly presented only if the petitioner has "indicated to the court that [the federal claims] were based on federal law." Lyons v. Crawford, 232 F. 3d 666, 668 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001).

It is well established that a federal court may not "adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." Rhines v. Weber, 544 U.S. 269, 273 (2005). However, a court may not dismiss a mixed petition without first giving the petitioner the opportunity to delete the unexhausted claims, see Jefferson v. Budge, 419 F.3d 1013, 1015-16 (9th Cir. 2005), or file a motion for a stay of proceedings while he exhausts the unexhausted claims in state court, see Rhines, 544 U.S. at 277.

Here, it appears that only the jury instructional error claim in Grounds Two and Four of the FAP was presented to the California Supreme Court. Grounds One, Three, and Five of the FAP were not raised in his petition for review or in a state habeas petition in the California Supreme Court and, therefore, are unexhausted. Accordingly, at this time, Petitioner's FAP appears to be mixed and subject to dismissal, without prejudice.

### IV. ORDER

Petitioner is therefore **ORDERED TO SHOW CAUSE** why the FAP should not be dismissed for failure to exhaust state remedies by filing a written response **no later than March 21, 2022.** Petitioner **must** respond to this Order pursuant to one of the options listed below.

**Option 1: Petitioner May Explain That Grounds One, Three, And Five In The FAP Are Exhausted:** If Petitioner contends he has, in fact, exhausted his state court remedies on all claims raised in his FAP, he should clearly explain this in a written response to this Order to Show Cause. Petitioner should attach to his response copies of any documents establishing that the Grounds One, Three, and Five have been raised with and ruled on by the California Supreme Court.

**Option 2: Petitioner May Voluntarily Dismiss Grounds One, Three, And Five In The FAP Without Prejudice:** Petitioner may request a voluntary dismissal of the unexhausted claims in the FAP. The Court advises Petitioner that if he elects to proceed now with only his

exhausted claims, any future habeas petitions containing Grounds One, Three, and Five, or other grounds that could have been raised in the instant FAP may be rejected as successive or may be time-barred.

**Option 3: Petitioner May Request A *Rhines* Stay:**  Under Rhines v. Weber, 544 U.S. 269 (2005), the District Court has discretion to stay a petition to allow Petitioner time to present his unexhausted claims to state courts, including the California Supreme Court.  Id. at 276; Mena v. Long, 813 F.3d 907, 908 (9th Cir. 2016) (holding the Rhines stay-and-abeyance procedure applies to both mixed and fully unexhausted habeas petitions).  This stay and abeyance procedure is called a "Rhines stay" and is available only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics.  Rhines, 544 U.S. at 277-78.

Petitioner may file a motion for a Rhines stay and support his request by showing: (1) there is "good cause" for the failure to exhaust; (2) the grounds raised are not "plainly meritless"; and (3) Petitioner did not intentionally engage in dilatory litigation tactics.  See id.  Petitioner should include any evidence supporting his request for a Rhines stay.

**Option 4: Petitioner May Request A *Kelly* Stay:**  Under Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2003), if a petitioner dismisses a mixed petition's unexhausted claims, the court may stay the petition's remaining exhausted claim to allow the petitioner time to exhaust the unexhausted claims in state court.  Id. at 1070-71.  This is called a "Kelly stay."  Unlike a Rhines stay, a Kelly stay "does not require that a petitioner show good cause for his failure to exhaust state court remedies."  King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).

A Kelly stay involves a three-step procedure: "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and hold in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition."  Id. (citing Kelly, 315 F.3d at 1170-71).  Thus, while "Rhines allows a district court to stay a mixed petition, and does not require that unexhausted claims be dismissed while the petitioner attempts to exhaust them . . . Kelly allows the stay of fully exhausted petitions, requiring that any unexhausted claims be dismissed."  Id. at 1139-40 (emphasis in original) (citing Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005)).

While a Kelly stay does not require a showing of good cause, it requires compliance with the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act.  28 U.S.C. § 2244(d)(1).  "A petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely."  King, 564 F.3d at 1140-41.  After expiration of the limitation period, "a petitioner may amend a new claim into a pending federal habeas petition . . . only if the new claim shares a 'common core of operative facts' with the claims in the pending petition; a new claim does not 'relate back' . . . simply because it arises from the 'same trial, conviction, or sentence.'"  Id. at 1141 (citation omitted).

Petitioner may file a motion for a <u>Kelly</u> stay and follow the three-step procedure above. First, Petitioner must file a proposed notice voluntarily dismissing Grounds One, Three, and Five in the FAP.  <u>See</u> <u>id.</u> at 1135.  The Court will then stay and hold in abeyance the amended fully exhausted FAP containing only the exhausted claims (Grounds Two and Four) and allow Petitioner the opportunity to exhaust the deleted claims (Grounds One, Three, and Five) in state court.  <u>See</u> <u>id.</u>

**<u>Caution</u>:** Petitioner is cautioned that if he requests a stay, under Option 3, and the Court denies the request for a stay, or if Petitioner contends that he has in fact exhausted his state court remedies on all grounds, under Option 1, and the Court disagrees, the Court will dismiss the FAP as mixed and for failure to exhaust state remedies.  **Accordingly, Petitioner may select options in the alternative, which means that he can ask for Option 1, but if that is not met, he may also request Option 2 or Option 3.**

**The Court expressly warns Petitioner that failure to timely file a response to this Order will result in the Court dismissing this action with prejudice for his failure to comply with court orders and failure to prosecute.  Fed. R. Civ. P. 41(b).**

The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.

**IT IS SO ORDERED.**